```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Continental Western Insurance Co.

    v.                                    Civil No. 18-cv-117-JL
                                              Opinion No. 2019 DNH 051
Superior Fire Protection, Inc.

    v.

Hampshire Fire Protection Co., LLC


**MEMORANDUM ORDER**


    A summary-judgment motion in this action to recover for property damage after a burst sprinkler pipe flooded portions of hotel turns on whether New Hampshire's statute of repose for construction damages, N.H. Rev. Stat. Ann. § 508:4-b, imposes a time limit on contribution and common-law indemnification claims.  Plaintiff Continental Western Insurance Company, as subrogee of the entity that owned the Holiday Inn Express hotel in Rochester, New Hampshire, brought claims for negligence and breach of contract against defendant Superior Fire Protection, Inc., which inspected and tested the sprinkler system.  Superior Fire, in turn, filed a third-party complaint seeking common-law indemnification and contribution from Hampshire Fire Protection Company, which originally installed the sprinkler system.  This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity) and over the third-party

claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

Hampshire Fire moves for summary judgment on Superior Fire's claims. The parties do not dispute that Hampshire Fire installed the sprinkler system more than eight years before that system damaged the hotel. Hampshire Fire's motion therefore presents the purely legal question of whether New Hampshire's eight-year construction statute of repose bars Superior Fire's indemnification and contribution claims against Hampshire Fire. Concluding that it does, after reviewing the parties' submissions and holding a telephonic conference in lieu of oral argument,[1] the court grants Hampshire Fire's motion.

I. **Applicable legal standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." DeAndrade v. Trans Union LLC, 523

---

[1] The court's practice is to hold oral argument on all dispositive motions, but counsel here indicated to the court that neither party desired it.

F.3d 61, 65 (1st Cir. 2008) (internal quotations omitted). When "[t]he parties agree upon all material facts," as Superior Fire and Hampshire Fire do here, the court "is left to address pure questions of law." Bonneau v. Plumbers & Pipefitters Local Union 51 Pension Tr. Fund ex rel. Bolton, 736 F.3d 33, 36 (1st Cir. 2013).

## II. **Background**

The facts, which the court draws from the parties' submissions, are undisputed for purposes of this motion.[2] In 2007, Hampshire Fire designed and installed an automatic sprinkler system at the Holiday Inn Express in Rochester, New Hampshire. Hampshire Fire completed the system's installation and testing by October 16, 2007. Hampshire Fire took no further action with respect to the system.

The Holiday Inn Express contracted Superior Fire to inspect and test the sprinkler system. It conducted multiple inspections and tests over the four-year period between October 13, 2011, and October 9, 2015. The plaintiff alleges that, a few months after the last inspection, part of the sprinkler system in an unheated attic froze and broke on February 15, 2016, causing water damage to the hotel.

---

[2] See Obj. (doc. no. 23) at 3 n.1 ("Superior Fire accepts the facts set out herein as undisputed for purposes of its Objection to [the] Motion for Summary Judgment.").

3

As a result of the damage, Continental Western claims that it made payments to or on behalf of its insured in the amount of $719,061.44. It then brought this action against Superior Fire on February 7, 2018, asserting one claim each for negligence and breach of contract.[3] Specifically, Continental Western claimed in its complaint that Superior Fire designed, manufactured, and installed the sprinkler system, as well as testing and inspecting it, and that Superior Fire breached a duty to exercise reasonable care in doing so and by failing to drain water from the pipe before winter.[4]

Superior Fire, which only tested and inspected the sprinkler system,[5] filed a third-party complaint against Hampshire Fire, which designed and installed the system, for common-law indemnity and contribution.[6] It alleges that any damage resulting from the frozen pipe was caused by Hampshire Fire's design and installation, not Superior Fire's testing and inspection.[7]

---

[3] Compl. (doc. no. 1) ¶¶ 12-33.

[4] Id. ¶¶ 13-17.

[5] Despite Continental Western's claims, both parties to this motion agree that Hampshire Fire only designed and installed the system and that Superior Fire only tested and inspected it.

[6] Third-Party Compl. (doc. no. 17) ¶¶ 14-21.

[7] Id. ¶ 12.

## III. **Analysis**

New Hampshire's statute of repose for construction-related claims provides:

> Except as otherwise provided in this section, all actions to recover damages for injury to property, injury to the person, wrongful death or economic loss arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering, planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

N.H. Rev. Stat. Ann. § 508:4-b, I. Hampshire Fire's design and installation of the sprinkler system constituted "the creation of an improvement to real property" under this statute.[8] "[S]ubstantial completion of [that] improvement" occurred no later than October 16, 2007, more than eight years before Superior Fire filed its third-party complaint on August 22, 2018.[9] The only question before the court is whether Superior

---

[8] An "improvement" under this statute means "an alteration to or development of real property that either (1) enhances or is intended to enhance its value or (2) improves or is intended to improve its use for a particular purpose." Phaneuf Funeral Home v. Little Giant Pump Co., 163 N.H. 727, 731 (2012). Superior Fire does not dispute that the sprinkler system falls within this definition. See Obj. (doc. no. 23) at 4-8 (raising no argument and asserting no facts to the contrary).

[9] "The term 'substantial completion' means that construction is sufficiently complete so that an improvement may be utilized by its owner or lawful possessor for the purposes intended." N.H. Rev. Stat. Ann. § 508:4-b, II. Superior Fire also does not dispute the date of substantial completion or that it occurred more than eight years prior to the filing of any complaint in

5

Fire's common-law indemnity and contribution claims fall within the set of actions barred by this eight-year statute of repose.

**A.   Superior Fire's claims**

Superior Fire has brought two burden-shifting claims against Hampshire Fire: common-law indemnification and contribution.  A review of the forms and bases for these claims informs the statute-of-repose analysis.

"In New Hampshire, the right to indemnity has historically existed: (1) where the indemnitee's liability is derivative or imputed by law; (2) where an implied duty to indemnify exists; or (3) where there is an express duty to indemnify." Gray v. Leisure Life Indus., 165 N.H. 327, 330 (2013) (quotations omitted).  During a telephone conference with the court, the parties expressly agreed that Superior Fire's argument is based on the first of these scenarios.  And reasonably so.  No express duty to indemnify exists here: neither party alleges the existence of an indemnification agreement.  And this is not one of the limited situations wherein an implied duty to indemnify may arise.  See Hamilton v. Volkswagen of Am., Inc., 125 N.H. 561, 564 (1984) ("[I]ndemnity agreements are rarely to be implied and always to be strictly construed.").  That is, it is

---

this action.  See Obj. (doc. no. 23) at 4-8 (raising no argument and asserting no facts to the contrary).

6

not a case wherein Hampshire Fire "had agreed to perform a service for" Superior Fire and "was assumed to have performed negligently," resulting in "a condition that caused harm to a third person in breach of a non-delegable duty of" Superior Fire. Id. at 563.

The form of common-law indemnification under which Superior Fire proceeds "has been described as an equitable right implied by law, which is based upon principles of restitution." Gray, 165 N.H. at 328-29 (collecting cases). Under this theory, a person who "has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." Id. at 329 (quoting McCullough v. Company, 90 N.H. 409, 412 (1939)). "The theory behind this principle 'is that the indemnitee has provided a benefit to the indemnitor by fully discharging the indemnitor's liability, making restitution appropriate.'" Id. (quoting AVCP Reg. Housing Auth. v. R.A. Vranckaert, 47 P.3d 650, 658 (Alaska 2002)). Indemnification is thus available only "if the indemnitee provided the indemnitor with protection from liability." Id. (quoting Restatement (Third) of Torts: Apportionment of Liability, Reporters' Note § 22 comment b at 277).

Contribution is a concept separate and distinct from indemnity: it involves shared liability as opposed to shifted liability. "[W]hereas indemnity shifts 'the entire burden of loss from one tortfeasor who has been compelled to pay it, to another whose act of negligence is the primary cause of the injured party's harm,' contribution 'is partial payment made by each or any of jointly or severally liable tortfeasors who share a common liability to an injured party.'" Gray, 165 N.H. at 330 (quoting 41 Am.Jur.2d Indemnity § 3 (2005)). In New Hampshire, "a right of contribution exists between or among 2 or more persons who are jointly and severally liable upon the same indivisible claim, or otherwise liable for the same injury, death or harm, whether or not judgment has been recovered against all or any of them." N.H. Rev. Stat. Ann. § 507:7-f.

    **B.   Construction statute of repose**

New Hampshire's construction statute of repose requires that "all actions to recover damages for injury to property, injury to the person, wrongful death or economic loss arising out of any deficiency in the creation of an improvement to real property . . . shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter." N.H. Rev. Stat. Ann. § 508:4-b, I. Hampshire Fire argues that burden-shifting claims like Superior Fire's fall within this

prohibition on actions after eight years have passed; Superior Fire argues that they do not.

"A court interpreting New Hampshire law must 'first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.'" United States v. Howe, 736 F.3d 1, 3 (1st Cir. 2013) (quoting State v. Dor, 165 N.H. 198, 200 (2013)). As explained supra Part III.A, through both of these claims, Superior Fire seeks to apportion the damages arising out of an alleged deficiency in the sprinkler system as between itself and Hampshire Fire — that is, to recover either all or a portion of such damages, for which it may be held liable, from Hampshire Fire. But the statute prohibits, after eight years have passed, "all actions to recover damages . . . arising out of any deficiency in the creation of an improvement to real property . . . ." N.H. Rev. Stat. Ann. § 508:4-b, I. As the New Hampshire Supreme Court has explained, "[t]hat language unambiguously encompasses all types of claims, as long as they arise from a deficiency in the creation of an improvement to real property," and thus the statute of repose "applies to all types of claims regardless of the theory of liability . . . ." Phaneuf, 163 N.H. at 731. By its plain language, then, this statute includes indemnification and contribution claims.

Where, as here, "the language of a statute is plain and unambiguous," the court need not "look beyond it for further indications of legislative intent." Id. Superior Fire offers two arguments as to why the court should construe the statute and depart from its plain meaning with respect to these burden-shifting claims. Neither persuades the court.

### 1. Analogy to statute of limitations

First, Superior Fire argues that New Hampshire's law governing statutes of limitations mandates a different conclusion. Under New Hampshire law, "[c]laims for indemnification . . . do not accrue for the purposes of the statute of limitations until a judgment has been paid by the third-party plaintiff"; thus, the "statute of limitations cannot possibly start to run on an indemnity claim until the party seeking indemnification suffers a loss." Jaswell Drill Corp. v. Gen. Motors Corp., 129 N.H. 341, 347 (1987). Similarly, a contribution claim accrues when "judgment has been rendered" or, if it has not, when the party seeking contribution has "discharged by payment the common liability" or "agreed while action was pending to discharge the common liability . . . ." N.H. Rev. Stat. Ann. § 507:7-g, II. Section 507:7-g, II provides what is, in effect, a one-year statute of limitations on such contribution claims. Id. Superior Fire argues that the

statute of repose cannot bar claims for indemnification or contribution for the same reason that the statute of limitations on those claims cannot begin to run until they accrue.[10]

This argument misconceives the difference between a statute of limitations and a statute of repose, which "may be distinguished both by their method of operation and their underlying purpose." Big League Entm't, Inc. v. Brox Indus., Inc., 149 N.H. 480, 483 (2003) (quotations and citations omitted). "Statutes of limitation generally begin to run at the time of injury or discovery of the injury" and "serve to place a limit on the time in which a plaintiff may bring suit after a cause of action accrues," so as to "prevent[ ] . . . stale claims . . . ." Id. "By contrast, statutes of repose . . . usually run from an act of a defendant" and "extinguish a cause of action after a fixed period of time regardless of when the action accrues, potentially barring a plaintiff's suit before there has been an injury or before the action has arisen," thus "establish[ing] an absolute outer boundary in time within which a claim may be asserted." Id.

Section 508:4-b "functions as a statute of repose because it begins to run from 'the date of substantial completion of the improvement,' wholly independent of any accrual of the cause of

---

[10] Obj. (doc. no. 23) at 6-7.

11

action." Big League Entm't, 149 N.H. at 483 (quoting N.H. Rev. Stat. Ann. § 508:4-b, I). And, in recognizing it as such, the New Hampshire Supreme Court has twice explained that it was "intended to promote the public interest by protecting the building industry from infinite liability." Winnisquam Reg'l Sch. Dist. v. Levine, 152 N.H. 537, 540 (2005); Big League Entm't, 149 N.H. at 484. The Court reached that conclusion drawing on the "legislative findings and stated purpose for the current enactment of" § 508:4-b, which provide:

> The general court finds that, under current law, builders, designers, architects and others in the building trade are subject to an almost infinite period of liability. This period of liability, based on the discovery rule, particularly affects the building industry and will eventually have very serious adverse effects on the construction of improvements to real estate in New Hampshire. Therefore, it is in the public interest to set a point in time after which no action may be brought for errors and omissions in the planning, design and construction of improvement to real estate. This act is determined to be in the public interest and to promote and balance the interests of prospective litigants in cases involving planning design and construction of improvements to real property.

Winnisquam, 152 N.H. 537 at 540 (quoting 1990 N.H. Laws 164:1).

As a statute of repose, § 508:4-b may preclude Superior Fire's claims for indemnification and contribution, even if those claims would — as they would here — accrue after the repose period has run. To conclude otherwise would open defendants to "infinite liability perpetuated by the discovery

12

rule," contrary to the recognized purpose of the statute as recognized and articulated by New Hampshire's highest court.[11] Big League Entm't, 149 N.H. at 484.

## 2. Statutory history

Superior Fire also argues that the history of New Hampshire's construction statute of repose supports its interpretation. The prior incarnation of that statute explicitly named "action[s] for contribution or indemnity" among those covered. Specifically, it provided:

> No action to recover damages for injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, <u>nor any action for contribution or indemnity for damages sustained on account of such injury</u>, may be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six years after the performance or furnishing of such services and construction.

---

[11] This court is not generally inclined toward exploration of legislative purpose, instead preferring to ascertain textual meaning. Here, however, the court is bound by the New Hampshire Supreme Court's construction of the statute, which included a discussions of legislative purpose. Winnisquam, 152 N.H. 537 at 540. It is also noteworthy that the New Hampshire Supreme Court's basis for identifying the purpose of § 508:4-b was an explanatory preamble adopted by the New Hampshire legislature, see 1990 N.H. Laws 164:1, but not codified with the rest of the construction statute of repose.

13

Deschamps v. Camp Dresser & McKee, Inc., 113 N.H. 344, 345 (1973) (quoting N.H. Rev. Stat. Ann. § 508:4-b, I (1965)) (emphasis added). The New Hampshire Supreme Court deemed it unconstitutional in 1984.[12] Eight years later, in 1990, New Hampshire's legislature enacted the statute of repose in its present version, without specific language including contribution and indemnity.

Superior Fire argues that this change in the language from one version to the next signals the legislature's intent to exclude indemnification and contribution claims from the current version of the statute.[13] That inference is not as strong as Superior Fire suggests, in light of the replacement statute's language. While it does not explicitly address indemnification and contribution claims, it contains additional new language that unambiguously encompasses those claims. Specifically, the

---

[12] It found that version to violate the equal protection clauses of the Fourteenth Amendment of the United States Constitution and the New Hampshire Constitution, part I, articles 1 and 12, in light of the class of defendants protected. Henderson Clay Prod., Inc. v. Edgar Wood & Assocs., Inc., 122 N.H. 800, 801 (1982); Antiniou v. Kenick, 124 N.H. 606 (1984). The current version "applies to all participants in the construction industry," and has thus been found to satisfy constitutional requirements. Winnisquam, 152 N.H. at 540-41.

[13] Obj. (doc. no. 23) at 6 ("There can be no other explanation as to the inconsistencies of the language contained in the prior version and current version of [the statute] other than the legislature intended claims for indemnity and contribution to be excluded from the protection provided by the statute.").

14

current version of the statute explicitly covers "all actions to recover damages for injury to property . . . or economic loss arising out of any deficiency in the creation of an improvement to real property." N.H. Rev. Stat. Ann. § 508:4-b, I (emphasis added). The former version of the statute did not include this "economic loss" language. Even were damages obtained through indemnification and contribution in this case not "damages for injury to property," they would fall within the second category of "damages for . . . economic loss" arising from a construction deficiency. Inclusion of this category weighs against the inference Superior Fire urges the court to make.

Although Superior Fire did not address this change or the "economic loss" language in its briefing, the court questioned its counsel about that provision during the March 15, 2019 telephone conference.[14] During that conference, Superior Fire's counsel suggested that the "economic loss" referenced in this statute refers to the same "economic loss" contemplated by the "economic loss doctrine." According to that common-law doctrine, "parties bound by a contract may not 'pursu[e] tort recovery for purely economic or commercial losses associated

---

[14] On that telephone conference, the court also afforded the parties an opportunity to submit authority and additional briefing, if they so desired, with respect to this issue. Neither party did so.

15

with the contract relationship.' The purpose of the doctrine is 'to prevent tort law's unreasonable interference with principles of contract law.'" Schaefer v. Indymac Mortg. Servs., 731 F.3d 98, 103 (1st Cir. 2013) (quoting Plourde Sand & Gravel Co. v. JGI E., Inc., 154 N.H. 791, 794-95 (2007)). More generally, it provides that, "in the absence of a specific duty, no general duty exists to avoid negligently causing economic loss." Id. Superior Fire's counsel suggested, accordingly, that the "economic loss" in the construction statute of repose refers to claims for economic or commercial damages arising out of damage to the property, not financial loss.

In making this argument, Superior Fire implicitly (though never expressly, orally or in the briefing) invokes the canon of statutory construction under which "a common-law term of art should be given its established common-law meaning . . . ." Johnson v. United States, 559 U.S. 133, 139, 130 (2010). But the court does "not assume that a statutory word is used as a term of art where," as here, "that meaning does not fit." Id. Simply put, the term "economic loss" in the construction statute of repose is not a reference to the common-law term or doctrine. And here, such an interpretation would conflate "actions to recover damages for . . . economic loss" with "actions to recover damages for injury to property" or "to the person." N.H. Rev. Stat. Ann. § 508:4-b, I. Such a construction, then,

would run afoul of "the widely accepted rule that 'all of the words of a statute must be given effect and that the legislature is presumed not to have used superfluous or redundant words.'" Howe, 736 F.3d at 3 (quoting State v. Guay, 164 N.H. 696, 701 (2013)).

Superior Fire has offered no evidence, beyond mere inference based on the statute's history, that the legislature excluded burden-shifting claims from the construction statute of repose. But the New Hampshire Supreme Court has interpreted the statute to codify the policy, as approved by the legislature, that "it is in the public interest to set a point in time after which no action may be brought for errors and omissions in the planning, design and construction of improvement to real estate." Winnisquam, 152 N.H. at 540 (quoting 1990 N.H. Laws 164:1). And, though, as discussed supra, the court is disinclined to rely on it as a tool of statutory construction, it observes that the legislative history submitted by Hampshire Fire further supports this expressed aim.[15]

Where the statute's text itself unambiguously refutes Superior Fire's proposed inference, and absent any express indication of exclusion, the court is disinclined to disregard the plain language of the statute, which implicitly but clearly

---

[15] See Reply Ex. A (doc. no. 25-1). See also supra n.11.

17

incorporates indemnity and contribution claims. See American Tobacco Co. v. Patterson, 456 U. S. 63, 68 (1982) ("absent a clearly expressed legislative intention to the contrary," the court assumes that statutory meaning "is expressed by the ordinary meaning of the words used.").

## IV.  Conclusion

New Hampshire's construction statute of repose bars actions for indemnity and contribution brought more than eight years after substantial completion of an improvement to real property. More than eight years passed between installation of the sprinkler system that caused damage to the Holiday Inn Express and Superior Fire's third-party claims for contribution and indemnification.  Hampshire Fire's motion for summary judgment[16] on those claims is, accordingly, GRANTED.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated:  March 22, 2019

cc:  Michael F. Wallace, Esq.
     Mark D. Wiseman, Esq.
     Mark S. Bodner, Esq.
     George D. Bogris, Esq.
     Clara E. Lyons, Esq.
     Douglas N. Steere, Esq.

---

[16] Document no. 22.