UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Continental Western Insurance Co.

    v.                                              Civil No. 18-cv-117-JL
                                                    Opinion No. 2019 DNH 213P

Superior Fire Protection, Inc.

**MEMORADUM OPINION & ORDER**

      This is an insurance subrogation action in which the court's jurisdiction hinges on the plaintiff's ability to substitute a necessary party well after the statute of limitations for that party's claims has run. In 2018, Continental Western Insurance Co., an Iowa company declaring itself to be the insurance subrogee for a New Hampshire hotel, filed a lawsuit against Superior Fire Protection Co., LLC, a New Hampshire company, for water damage caused by the hotel's fire sprinkler system. Through discovery, Superior Fire learned that Continental neither insured the hotel nor paid the insurance claim, and that Acadia Insurance Company, a non-party, was the real party in interest for the hotel's legal claims. As such, Superior Fire has moved, in part, to dismiss this lawsuit for lack of standing. Continental, in turn, has asked the court to let Acadia substitute in as the plaintiff under Fed. R. Civ. P. 17, even though the statute of limitations has run.

      After considering the parties' arguments, the court finds that Continental's proposed substitution exceeds the permissible bounds for substitution under Rule 17 because it would improperly allow Acadia to invoke this court's subject matter jurisdiction where it would not otherwise exist. At the time this litigation began, both Acadia and Superior Fire were New Hampshire citizens, thereby precluding Acadia from invoking diversity jurisdiction – the only basis for federal subject matter jurisdiction in this case. See 28 U.S.C. § 1332. While Continental is correct that, in limited

circumstances, post-filing events may create subject matter jurisdiction where none originally existed, neither the Supreme Court nor the First Circuit Court of Appeals has recognized such an exception for post-filing changes in a single plaintiff's citizenship where diversity is the sole basis for federal jurisdiction. Accordingly, Continental's motion to substitute is denied. Because Continental has no standing to bring this lawsuit and has not identified any other relief that cures this proceeding of jurisdictional defects, the court must dismiss this litigation for lack of standing without reaching the merits of Superior Fire's arguments for summary judgment.

I.  **Background**

The following draws from the non-disputed facts provided in the parties' briefing. As it is obligated to do at summary judgment, the court "rehearse[s] the facts in the light most favorable to the nonmoving party (here, the plaintiff), consistent with record support," and gives them "the benefit of all reasonable inferences that those facts will bear." Noviello v. City of Boston, 398 F.3d 76, 82 (1st Cir. 2005) (citation omitted).

On February 15, 2016, defendant Superior Fire repaired a sprinkler head that was part of a fire sprinkler system at the Holiday Inn Express Hotel in Rochester, New Hampshire.[1] After this repair, water within the dry pipe fire protection system froze, breaking a "T-fitting" and causing water damage throughout the hotel.[2]

At the time of the incident, Acadia Insurance Company, a non-party Iowa corporation that was previously incorporated in New Hampshire up until December 2018,

---

[1] Aff. of Eddy Caron (doc. no. 30-3) ¶ 3. In March 2019, this court dismissed Hampshire Fire Protection Co., LLC, which installed the fire sprinkler system in October 2007, after finding that New Hampshire's 8-year construction statute of repose barred Superior Fire's indemnification and contribution claims. Doc. no. 29.

[2] See Aug. 2019 Expert Report of Mike Pettini (doc. no. 33-16).

insured the hotel.[3] Rochester Hospitality, LLC, the owner of the hotel, made a claim under its policy for over $700,000 in water damage. Acadia ultimately paid Rochester Hospitality's claim and thereby became its subrogee.[4]

In February 2018, however, plaintiff Continental Western Insurance Co. declared itself subrogee of Rochester Hospitality and filed negligence and breach of contract claims pursuant to this court's diversity jurisdiction. According to Continental, it and Acadia share a common corporate parent, and counsel for Continental, who also serves as counsel for Acadia, "inadvertently" listed the wrong corporation as plaintiff as part of an honest mistake.[5] In discovery — and well within the statute-of-limitations period — Continental produced documents and signed interrogatory responses disclosing that Acadia, not Continental, was the true subrogee and real party in interest.[6] Neither Continental nor Acadia moved to correct this inadvertent error until summary judgment – nearly one year after disclosing this error, more than 18 months after the filing of the complaint, and well after the statute of limitations time-barred Acadia's claims.[7]

---

[3] Acadia Policy (doc. no. 30-4); Acadia Articles of Incorporation (doc. no. 30-7).

[4] Acadia Payment Log (doc. no. 30-6).

[5] See Continental's Mot. to Substitute Mem. (doc. no. 32-1) at 9.

[6] See Sept. 17, 2018 Ltr. from Michael Wallace, counsel for Continental, to Mark Bodner, counsel for Superior Fire (doc. no. 32-5); Continental's Responses to Superior Fire's First Set of Interrogatories (doc. no. 30-5) ¶ 2.

[7] Because the alleged water damage occurred in February 2016, and the three-year statute of limitations period for tort and breach-of-contract claims expired in February 2019, Acadia presumably cannot file a new lawsuit as subrogee for Rochester Hospitality's insurance claims. See N.H. Rev. Stat. 508:4 (statute of limitations for personal actions).

## II. Applicable Legal Standard

Federal Rule of Civil Procedure 17 governs parties' capacities to sue or be sued. Rule 17(a)(1) requires that legal actions "be prosecuted in the name of the real party in interest." While the failure to do so would normally warrant a dismissal, under Rule 17(a)(3), courts may not dismiss an action for failing to comply with Rule 17(a)(1) "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." If the ratification, joinder, or substitution is permitted, "the action proceeds as if it had been originally commenced by the real party in interest." Id. Thus, for statute of limitations and jurisdictional purposes, the real party in interest's claim dates back the filing of the original complaint, even if the Rule 17 motion was filed after the limitations period had expired. Maddalone v. Okada Shosen, KK, 756 F.2d 886, 887 (1st Cir. 1985); Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Mgmt., Inc., 620 F.2d 1, 3 n.2 (1st Cir. 1980); see also In re Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 542 (D.C. Cir. 2011) (rejecting argument that diversity jurisdiction attached at the time the real parties in interests joined an action).

## III. Analysis

In moving for summary judgment, Superior Fire asks that the court dismiss Continental's claims, arguing that because Acadia, and not Continental, is the true subrogee and real party in interest, Continental lacks standing to assert the hotel's subrogated claims. Continental does not dispute that it lacks constitutional standing,[8] and instead has moved to substitute Acadia as plaintiff under Fed. R. Civ. P. 17 to cure its

---

[8] Continental's Mot. to Substitute Mem. at 9 (conceding that a "mistake was made" in naming it the plaintiff, subrogee, and real party in interest in the complaint); see also id. at 8 ("Continental Western acknowledges that Acadia is the proper real party in interest as Acadia issued payments to Rochester Hospitality under claim number 20211606 and policy number BOA 0276021-17 for the February 15, 2016 water loss.").

standing deficiency and "avoid injustice" arising from "an honest mistake."[9]  As discussed herein, the proposed substitution cannot be granted under Rule 17 because it would require conferring subject matter jurisdiction where such jurisdiction would otherwise not exist.  Accordingly, the court dismisses this case for lack of standing without reaching Superior Fire's arguments for the entry of summary judgment.

The First Circuit Court of Appeals has not yet opined on whether a plaintiff may use substitution under Rule 17(a)(3) to remedy a standing deficiency when, like Continental here, the plaintiff lacks standing to bring any of the claims in the complaint.  As Superior Fire notes, at least one Court of Appeals has held that a plaintiff that lacks standing to bring an action also lacks "standing to make a motion to substitute [a] real party in interest," even when its attorney has mistakenly named the wrong client as the plaintiff in a subrogation complaint.  See Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528, 530-31 (6th Cir. 2002) (holding that Rule 17 "must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims").  This strict decision has "met . . . some criticism" from courts and legal commentators.  See, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.À.R.L., 790 F.3d 411, 423 (2d Cir. 2015); 13A Wright and Miller, Fed. Prac. & Proc. Juris. § 3531 (3d ed. Supp. 2019).  If Zurich's holding is the law in the First Circuit, then this court must find that Continental lacks standing even to seek substitute and must dismiss this case.  See 297 F.3d at 531 (denying the substitution of "a totally separate entity, which was not vigilant in protecting its claims," intervening to "benefit from [the

---

[9] Continental's Mot. to Substitute Mem. at 4.  Superior Fire rejects Continental's premise that its mistake was honest, as opposed to a product of tactical maneuvering.  Superior Fire's Obj. to Mot. to Substitute (doc. no. 34) at 7-12.  Although the court accepts Continental's representations regarding the circumstances of the mistake, it need not determine whether the mistake was made in good faith to resolve the motion to substitute.

original plaintiff's] mistake so as to take advantage of the suspension of the limitations period").

The court need not resolve this question, however, because the substitution proposed here is improper for a different jurisdictional reason: If granted, it would destroy party diversity. See 4 Moore's Federal Practice 3D § 17.12[1][c] ("If joinder or substitution of, or ratification by, a real party in interest would destroy the court's jurisdiction, the action must be dismissed."). In Cortlandt, the Second Circuit Court of Appeals faced a similar standing question and affirmed the trial court's denial of relief because the requested substitution exceeded the authority provided under Rule 17(a)(3). 790 F.3d at 421-25. The plaintiff had filed suit to collect payments on defaulted notes for which it had been assigned "full rights . . . to pursue all remedies" against the defendant. Id. at 415 n.1. The assignments, however, had failed to transfer title of the notes to the plaintiff, depriving the plaintiff of standing to file for legal relief. Id. at 420.

On appeal, the Second Circuit Court of Appeals rejected the plaintiff's bid to substitute the real party in interest because "the procedural mechanisms set forth in Rule 17(a) for ameliorating real party in interest problems may not, under the Rules Enabling Act, 28 U.S.C. § 2072(b), be employed to expand substantive rights," including the expansion of the federal court's subject matter jurisdiction. Id. at 424 (citations and quotation marks omitted). Because substitution "would [have] create[d] a different, fatal jurisdictional defect" by destroying party diversity — "the only potential basis for federal subject matter jurisdiction" — the Court of Appeals held that the trial court did not abuse its discretion by denying the substitution and dismissing the case. Id.

Here, Continental's requested substitution under Rule 17(a)(3), if granted, would similarly expand this court's diversity subject matter jurisdiction to an improper case or

controversy.  At the time Continental filed the complaint, both Acadia and Superior Fire were citizens of New Hampshire.  Accordingly, had Acadia "originally commenced" this action in February 2018 in place of Continental, see Fed. R. Civ. P. 17(a)(3), it would have lacked the diversity necessary to bring its negligence and breach-of-contract claims in federal court.  See 28 U.S.C. § 1332 (vesting jurisdiction where the controversy exceeds $75,000 in value and is between citizens of different states).

In its Reply, Continental argues that Acadia's citizenship poses no jurisdictional problem because Acadia became a citizen of Iowa two months before the statute of limitations period closed.[10]  This is incorrect.

It has long been held that in cases premised on diversity, post-filing changes in a single plaintiff's citizenship cannot save diversity jurisdiction where diversity did not exist at the time-of-filing.  See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (quoting Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824)).  In Grupo Dataflux v. Atlas Glob. Grp., L.P., for example, a limited partnership[11] urged the Court to disregard the fact that diversity did not exist between it and the defendant, a Mexican corporation, at the time of filing because "weeks before trial, and unrelated to the claims in the suit, . . . all Mexican-citizen partners withdrew from the partnership," thereby creating diversity.  541 U.S. 567, 581, 586 (2004).  On appeal, the Fifth Circuit Court of Appeals acknowledged the time-of-filing rule, but nevertheless created an exception for when:

---

[10] Reply to Mot. to Substitute (doc. no. 38) at 1-2.

[11] As a partnership, the plaintiff-respondent was a citizen of each state or foreign country of which any of its partners was a citizen, specifically Texas, Delaware, and Mexico.  See Carden v. Arkoma Associates, 494 U.S. 185, 192–195 (1990).

(1) an action is filed or removed when constitutional and/or statutory jurisdictional requirements are not met, (2) neither the parties nor the judge raise the error until after a jury verdict has been rendered, or a dispositive ruling has been made by the court, and (3) before the verdict is rendered, or ruling is issued, the jurisdictional defect is cured.See 312 F.3d 168, 174 (5th Cir. 2002). The Supreme Court, however, rejected such an exception, emphasizing that parties cannot create jurisdiction by becoming a citizen of a different state, "regardless of the costs it imposes" on litigation. 541 U.S. at 571 (quoting Conolly v. Taylor, 2 Pet. 556, 565 (1829)).

Although Continental correctly notes that some "post-filing events may create subject matter jurisdiction where none existed at the time the action was commenced,"[12] see, e.g., Grupo, 541 U.S. at 584 (Ginsburg, dissenting) (identifying cases), Continental has not identified any cases in which a court held that a sole party's post-filing change of citizenship cured a previously existing jurisdictional defect. See id. at 575 n.5. Each of the authorities Continental cites involved long-recognized exceptions to the time-of-filing rule for events other than post-filing changes in citizenship. Digizip.com, for example, concerned a timely post-filing ratification by an assignee where the plaintiff had assigned away the right to bring legal claims for its injuries before filing suit. 139 F. Supp. 3d at 678-79 (finding that the ratification cured the plaintiff's prudential standing defects). Cortlandt, in turn, recognized that trimming non-essential parties as a "method of curing a [diversity] jurisdictional defect ha[s] long been an exception to the time-of-filing rule." 790 F.3d at 426 (Sack, J., concurring) (quoting Grupo, 541 U.S. at 572).[13]

Continental's reliance on Maddalone similarly fails to persuade the court to disregard the time-of-filing rule. In Maddalone, the First Circuit Court of Appeals

---

[12] See Reply at 1-2 (citing Cortlandt, 790 F.3d at 426-427 (Sack, J., concurring; Digizip.com, Inc. v. Verizon Servs. Corp., 139 F. Supp. 3d 670, 678 (S.D.N.Y. 2015)).

[13] See also Mullaney v. Anderson, 342 U.S. 415, 416 (1952) (allowing an agent to cure its real party in interest standing defects by adding its principal as a party); 28 U.S.C. §§ 1332, 1453 (providing that that class member citizenship may be determined even after the time-of-filing).

8

reversed the denial of a motion to substitute where a workmen's compensation insurer erroneously named its insured, a longshoreman injured while working aboard a vessel, as the plaintiff in its complaint. 756 F.2d at 887. Unlike here, the standing issue was prudential, as the real party in interest was already before the court but had listed the wrong person as plaintiff on the complaint. See, e.g., Knopick v. Jayco, Inc., 895 F.3d 525, 529 (7th Cir. 2018) (explaining that real party in interest issues are prudential and not jurisdictional); Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 637 (1st Cir. 2013) (explaining that prudential standing includes the additional standing requirement that a party "assert his own legal rights and interests"). Further, the proposed substitution did not require the trial court to bend or break otherwise bright-line jurisdictional rules. See 756 F.2d at 887 (noting that complaint was brought under the Longshoreman and Harbor Workers' Compensation Act, 33 U.S.C. § 933, thus invoking federal question jurisdiction under 28 U.S.C. § 1331). On these facts, the Court of Appeals reversed because "[t]he federal rule[s]" favor the "liberal" amendment of pleadings (the swapping of names on the case caption), and not because the federal rules favor — or to a lesser extent, permit — expansive interpretations of the jurisdictional principles. See id. at 887.

As such, this court declines the invitation to recognize a new exception for diversity jurisdiction when there is a post-filing change in citizenship of a substituted party, despite the significant court resources expended to date. See id. at 574-75 (quoting Conolly, 2 Pet. at 565). Because under Rule 17(a)(3)'s "originally-commenced" provision, Acadia could not have invoked this court's subject matter jurisdiction at the time this action began, the court denies Continental's motion to substitute Acadia under Rule 17(a)(3). Moreover, because Continental — the sole plaintiff — lacks standing, the court must dismiss case.

9

**IV. Conclusion**

For these reasons, the court denies Continental's motion to substitute[14] and dismisses this case given the newly submitted and undisputed facts showing that Continental lacks standing to invoke the court's jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Court

Dated: December 26, 2019

cc: Michael F. Wallace, Esq
    Mark D. Wiseman, Esq.
    Mark S. Bodner, Esq.
    George D. Bogris, Esq.

---

[14] Doc. no. 32.